[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2008
THOMAS K. KAHN
CLERK

No.  07-12836

D. C. Docket No. 03-00977 CV-BBM-1

TEMIDAYO AJAKA,
FEHINTOLA AJAKA,

Plaintiffs-Counter-Defendants-Appellants,

versus

RESIDENTIAL FUNDING CORPORATION,

Defendant-Counter-Claimant-Appellee,

HOMECOMINGS FINANCIAL NETWORK, INC.,

Defendant-Appellee,

BROOKSAMERICA MORTGAGE CORPORATION,

Defendant-Counter-Claimant.

Appeal from the United States District Court
for the Northern District of Georgia

**(May 19, 2008)**

Before TJOFLAT and MARCUS, Circuit Judges, and VINSON,[*] District Judge.

PER CURIAM:

This case is before us for the second time. The question presented is whether plaintiffs' claim for rescission and damages under the Truth in Lending Act, 15 U.S.C. § 1601 se seq., and the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, is barred by the doctrine of judicial estoppel – because plaintiff Temidayo Ajaka failed to reveal the claims to the bankruptcy court in his Chapter 13 wage earner case with the intent to conceal them from the court in order to gain an unfair advantage over his creditors. In Ajaka v. Brooksamerica Mortgage Corporation et al., 453 F.3d 1339 (11th Cir. 2006), the plaintiffs challenged the district court invocation of the doctrine to bar their claims on summary judgment. We vacated the summary judgment, and remanded the case for trial, because a material issue of fact that needed to be resolved: "whether Ajaka had the motivation and intent to manipulate the judicial system under the circumstances presented." Id. at 1346.

On remand, the district court, following a bench trial, once again held that the doctrine barred plaintiffs' claims. As indicated in its dispositive order, the

---

[*]Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

court found, on the basis of the testimony adduced, that Ajaka intended to manipulate the judicial system: "Mr. Ajaka had both the knowledge of the claim early enough, as well as motivation sufficient enough, to make a mockery of the judicial system circumstances here . . . . Mr. Ajaka knew of his TILA claims well before when he finally revealed them to the bankruptcy court, and . . . affirmatively intended to conceal those claims in his bankruptcy proceeding, in order to gain an unfair advantage over his lenders." Order at 36. The evidence fully supported these findings. The district court's judgment is, accordingly,

**AFFIRMED.**